UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

ALLSTATE PROPERTY & CASUALTY          )
INSURANCE COMPANY , as subrogee of    )
Don DeMarinis, William and Josephine Leon )
and Bonnie Webb,                      )
                                      )          **1:13-CV-339-WTL-MJD**
                    Plaintiff,        )
                                      )          No. 1:12-cv-00442-WTL-MJD
            vs.                       )
                                      )
OMEGA FLEX, INC.,                     )
                                      )
                    Defendant.        )

## ORDER TO SEVER CLAIMS

This matter is before the Court on its Order to Show Cause why the claims relating to

three house fires that occurred in the states of Indiana, Georgia and Oklahoma should not be

severed and each addressed in a separate action.  The Court, being duly advised, orders the

claims be severed into three separate causes of action.

### I.          Background

This is a subrogation action stemming from three separate fires that occurred at the

homes of individuals insured by Plaintiff Allstate Property & Casualty Insurance Company

("Allstate" or "Plaintiff").  [Dkt. 1.]  The fires occurred at an Indiana home (the "Indiana

Property"), a Georgia home (the "Georgia Property") and an Oklahoma home (the "Oklahoma

Property") following close proximity lightning strikes.  [Id.]  Allstate alleges each home

contained corrugated stainless steel tubing ("CSST"), also known as TracPipe, designed and

manufactured by Defendant Omega Flex.  Allstate has asserted strict product liability and

negligence claims against Omega Flex alleging the TracPipe was defective and unreasonably dangerous and caused the fires. [Id.]

Omega Flex retained a consulting expert to examine the Properties and investigate the fires. [Dkt. 62, p. 2.] The expert determined the TracPipe at the Georgia and Oklahoma properties was not "bonded" to the structures' grounding electrode, and therefore was not properly installed. [Dkt. 62, p. 4.] Based upon the expert report, Omega Flex filed a third-party complaint against The Knight Group, Inc., Beckom Electric, Inc., and Charles Thornton d/b/a Landmark Plumbing, contractors associated with the construction of the Georgia home. [Dkt. 16.] Under Georgia law, Omega Flex has the right to have the trier of fact apportion damages in proportion to percentage of fault. [Dkt. 62, p. 5; OCGA § 51-12-33(b).] On September 4, 2012, The Knight Group filed a Motion to Dismiss for lack of jurisdiction based upon its assessment that it does not have sufficient contacts in the state of Indiana for this Court to exercise jurisdiction. [Dkt. 36-1.] The Motion to Dismiss was stayed pending the Court's decision regarding the severance of Plaintiff's claims. [Dkt. 57.]

Oklahoma law similarly provides a right of pro rata contribution for tort-feasors. [Dkt. 62, p. 6; Okla. Stat. Title 12, § 382.] Omega Flex may assert claims against the Oklahoma contractors once they have been identified through discovery. [Dkt. 62, p. 6.]

## II.    <u>Discussion</u>

A district court may sever claims under Rule 21 of the Federal Rules of Civil Procedure, creating separate proceedings, if the claims are "discrete and separate." *Gaffney v. Riverboat Services of Indiana, Inc.*, 451 F.3d 424, 442 (7th Cir. 2006). One claim must be capable of resolution despite the outcome of the other claim. *Id*. Ordinarily, the Plaintiff's choice of forum is afforded deference by the district court as long as the chosen forum is related to the case. *See*

*Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  The Court finds that the unique set of circumstances in this case warrant a departure from this standard.

The house fires allegedly caused by Omega Flex's TracPipe occurred in three different states.  There will be three distinct sets of facts surrounding these fires including three sets of witnesses, only a third of which will be located in Indiana.  Each state has its own statutory scheme governing negligence and product liability claims, meaning that Defendant's potential liability may vary, not only because of the differences in the construction of each house and the circumstances of each fire, but also because of the differences in the applicable state law.  Finally, if the case were to remain in this Court in its entirety, Omega Flex may be deprived of its statutory right to contribution that exists in Georgia and Oklahoma due to jurisdictional defects that may be present with the proposed third party defendants.

## A.  Severance is Appropriate Under Rule 21

Rule 21 permits the court to sever claims that are distinct and separate.  Fed. R. Civ. P. 21.  When deciding whether severance is appropriate, the court will consider the convenience and fairness to the parties as well as the ability to evaluate the claims separately in logic and in law.  *See Holbein v. Heritage Mutual Ins. Co*., 106 F.R.D. 73, 78 (E.D. Wis. 1985).  Factors to consider include: (1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims.  *In re High Fructose Corn Syrup Antitrust Litig*., 293 F.Supp.2d 854, 862 (C.D. Ill. 2003).

### 1. *Same Transaction or Occurrence*

Allstate's claims against Omega Flex arise out of three separate fires that occurred in three different states.  While each fire allegedly involved defective or improperly installed TracPipe, it cannot be disputed that the fires were separate occurrences in separate locations. This factor weighs in favor or severing the claims.

### 2. *Common Questions of Law or Fact*

The claims related to each fire pose similar questions of negligence and product liability law; however, the applicable laws will differ for each fire because each fire occurred in a different jurisdiction.  This factor also weighs in favor of severing the claims.

### 3. *Facilitation of Settlement or Judicial Economy*

Judicial economy is best facilitated by severing the claims and transferring them to jurisdictions in which the fires occurred.  While Allstate argues having three federal courts ruling on similar pretrial issues may lead to inconsistent decisions, the Court does not believe this risk outweighs the benefit of litigating in the same state in which the fires occurred.  Moreover, contrary to the cases cited by Allstate in which severance would result in hundreds of separate cases, this one only results in three.

Furthermore, the absence of relevant third parties with regard to the Georgia and Oklahoma claims would likely impair the possibilities for reaching a negotiated settlement of this matter.  Severance and transfer of the Georgia and Oklahoma claims will facilitate the joinder of all relevant parties, which will likely better facilitate the parties' ability to reach a negotiated settlement of each claim.

*4.   Severance Will Avoid Prejudice to Defendant*

Omega Flex has a statutory right to file third party claims seeking contribution from those it believes responsible for failing to properly bond the TracPipe.  Yet this Court may not have jurisdiction over those potential third party defendants because of their lack of minimum contacts with the state of Indiana.  Severing the claims will allow them to be transferred to an appropriate forum where Omega Flex can assert its counterclaims and avoid any prejudice it might suffer from being forced to litigate those claims in Indiana.

While it is true that Allstate may suffer some inconvenience from being required to litigate its claims in three separate actions, that inconvenience does not rise to the level of actually prejudicing Allstate.  If fact, litigating the Georgia and Oklahoma claims in the states in which those losses occurred, where the vast majority of the relevant witnesses reside and where the court has expertise in the relevant local law, should actually facilitate the litigation, thereby avoiding prejudice to any party.

*5.   Different Witness and Documentary Proof*

Consistent with the above factors, the three fires also create three different sets of witnesses and three sets of documentary proof.  These sources of proof generally will be located in the state in which the particular fire occurred.  Although there may be some overlap of witnesses and evidence, the separate nature of the incidents weighs heavily in favor of severance.

Based upon the above factors, the Court finds that Allstate's claims relating to the three fires at issue in this case are "distinct and separate" and capable of being resolved independently.  Therefore they may be severed pursuant to Rule 21.

### III.    Conclusion

Pursuant to Rule 21 of the Federal Rules of Civil Procedure, Allstate's claims are now severed into three separate cases. Once the new matters have been established, the Court will issue further instructions regarding the filing of amended complaints setting forth Allstate's claims relating to the Indiana Property, the Georgia Property and the Oklahoma Property.

The Clerk is instructed as follows:

1. The Nature of Suit code of the new actions to be opened is 245.

2. The Cause of Action code of the new civil actions to be opened is 28 U.S.C. § 1332(a)(1), Product Liability.

3. The assignment of judicial officers in the new civil actions shall be as currently exists in this case.  Thus the new civil action is to be assigned to the dockets of District Judge William T. Lawrence and the undersigned Magistrate Judge.

4. The parties that will remain in the current action are:

   Plaintiff:        Allstate Property & Casualty Insurance Company

   Defendant/Third Party Plaintiff:       Omega Flex, Inc.

   Third Party Defendant:       The Knight Group, Inc.

   Third Party Defendant:       Beckom Electric, Inc.

   Third Party Defendant:       Charles Thornton d/b/a Landmark Plumbing

5. The parties in each of the new civil actions to be opened are:

   Plaintiff:       Allstate Property & Casualty Insurance Company

   Defendant:       Omega Flex, Inc.

6. A copy of this Order shall be docketed in each action.

7. The following pleadings, filings and orders in this action shall be re-docketed in the new civil actions:

1.) Allstate's Complaint filed on April 4, 2012 (Dkt. 1)

2.) Omega Flex's Answer filed on July 2, 2012 (Dkt. 12)

If any party seeks the re-docketing of items not listed above, a request for such action may be filed in the newly-opened actions.

8. Omega Flex may not assert a statute of limitations defense against the claims asserted by Allstate in the newly opened matters that would not have been available to Omega Flex in Case No. 1:12-cv-0442-WTL-MJD.

**IT IS SO ORDERED.**

Date:  03/01/2013

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Robert T. Keen, Jr.
CARSON BOXBERGER LLP
keen@carsonboxberger.com

Kevin Patrick Podlaski
CARSON BOXBERGER, LLP
podlaski@carsonboxberger.com

Brad Mitchell Gordon
GROTEFELD & HOFFMANN LLP
bmg@ghlaw-llp.com

Emma L. Gaddipati
GROTEFELD HOFFMANN, ET AL
egaddipati@ghlaw-llp.com

Angela H. Smith
MOORE INGRAM JOHNSON & STEELE LLP

ahsmith@mijs.com

William R. Johnson
MOORE INGRAM JOHNSON & STEELE LLP
wrj@mijs.com

Alexander T. Galloway, III
MOORE INGRAM JOHNSON & STEELE LLP
atg@mijs.com

Katherine S. Strawbridge
POLLACK LAW FIRM PC
kstrawbridge@pollacklawpc.com

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com

Raymond T. Seach
RILEY BENNETT & EGLOFF LLP
rseach@rbelaw.com